# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:11-cr-00312-JCM-PAL |
| Plaintiff, ) | |
| ) | **AMENDED ORDER** |
| vs. ) | |
| ) | (Mot Compel - Dkt. #20) |
| ANIL MATHUR, ) | |
| ) | |
| Defendant. ) | |

The undersigned entered an Order (Dkt. #28) on January 20, 2012, on Defendant's Motion to Compel (Dkt. #20). Defendant objected to the undersigned's Order in an Appeal (Dkt. #34) to the district judge on February 6, 2012 and pointed out an apparent typographical error. Plaintiff filed its Response (Dkt. #35) February 8, 2012. This Amended Order corrects the typographical/word processing error on page 6 lines 16-18 of the Order entered on January 20, 2012 to clarify the court's findings. No other changes have been made to the January 20, 2012 Order (Dkt #28).

Before the court is Defendant's Motion to Compel the Government to Produce a Privilege Log (Dkt. #20). The court has considered the Motion, the United States Opposition (Dkt. #21), the *in camera* submission in support of the United States' Opposition to Defendant's Motion to Compel, Defendant's Reply (Dkt. #24), and the arguments of counsel at a hearing conducted January 19, 2012. Crane Pomerantz appeared on behalf of the government, and Paul Padda appeared on behalf of the Defendants.

## **BACKGROUND**

The Defendant Anil Mathur ("Mathur") is charged in an indictment returned August 23, 2011, with nine counts of paying illegal renumerations a violation of 42 U.S.C. § 1320 a-7b(b)(2)(A). The indictment alleges Mathur offered kickbacks and bribes to physicians in return for referrals of Medicare patients. The indictment also contains forfeiture allegations. Count One of the forfeiture allegations seeks to recover $6,000.00 in kickbacks or bribes paid by the Defendant between July 30, 2010, and

December 7, 2010. Count Two seeks forfeiture in the form of a monetary judgment in the amount of $14,347.68, which represents the amount the government alleges was paid by Medicare for services rendered after March 23, 2010, to Medicare patients referred to physicians receiving kickbacks or bribes.

In the current motion, the Defendant indicates that the government produced over 425 pages of documents and 17 recordings in discovery in this case. Government counsel sent defense counsel a letter September 1, 2011, indicating that he was withholding some recordings because they do not relate to the case against Mathur or are otherwise not discoverable. On October 11, 2011, counsel for Defendant sent an e-mail to counsel for the government and requested a description of what was being withheld and an explanation beyond that previously provided supporting the government's withholding pursuant to Local Rule of Criminal Practice 16-1(b)(1)(D)(vii). AUSA Pomerantz responded the same day indicating that the local rule cited did not apply in this case because the items withheld from production were not discoverable. Specifically, Mr. Pomerantz indicated that the withheld items were not discoverable because they did not relate to charges in the indictment "among other reasons." Mr. Pomerantz therefore declined to provide a privileged document log for the withheld items.

Counsel for the Defendant argues that the determination of whether an item of information is subject to discovery is not within the exclusive discretion of the government, and that the government's position in this case "usurps the Court of its supervisory gatekeeper function." Because the United States is withholding certain items connected to the investigation that lead to the indictment of the Defendant, and has refused to offer any specifics regarding what these items are, Defendant argues the court should order the government to produce a privileged log identifying withheld items with specificity. Requiring the government to produce a privileged document log will allow defense counsel and the court a meaningful opportunity to evaluate the merits of the government's position. Counsel for Mathur requests an order requiring the government to produce a log of all items withheld from discovery, describing the withheld items with specificity, and explaining the basis for withholding the information.

The government opposes the motion arguing that the United States has not withheld any evidence properly discoverable in this case. The government acknowledges its responsibilities to

produce discovery pursuant to Fed.R.Crim.P. 16 and 26.2, the Jencks Act, and exculpatory material required by the Supreme Court's decisions in *Brady* and *Giglio*. However, the government argues that the material it has withheld from discovery is not material in the sense that it will be used by the United States in its case-in-chief. The government represents it does not relate to the subject matter of a witness' testimony or consist of information which will undermine the confidence in the outcome of the trial. The only documents the government withheld are documents government prosecutors have determined are not discoverable. Thus, Local Criminal Rule 16-1(b)(1)(D)(vii) does not apply, and a privileged document log is not required.

The United States submitted the documents it is has withheld from discovery in this case *in camera* for the court to independently review. The government represents it has produced approximately 432 pages of written discovery and 17 recordings with approximately 150 minutes of recorded conversations to defense counsel. By contrast, the documents withheld from production consists of two recordings and approximately 100 pages or less of paper discovery, which includes the transcripts of the two recordings that were withheld as non-discoverable. Government counsel represents that most of the items that it did not produce have nothing to do with the charges against the Defendant. However, to eliminate any dispute about whether they are or are not discoverable, the United States has submitted them to the court for *in camera* review. The *in camera* submission contains a brief explanation of the case to provide the court with context and describes each category of documents that were withheld. If the court determines that the documents are discoverable, the United States will bypass the production of a log and produce any documents the court determines should be turned over to the defense in discovery.

The Defendant replies that it has no opposition to the court's *in camera* review of withheld materials. However, defense counsel argues he should be permitted to review the government's "brief explanation of the case" so he can meaningfully respond to arguments regarding materiality and relevance of the items withheld from production. Defense counsel maintains that the government's logic in withholding documents is "non-discoverable", is "circular and problematic because neither the Court or the Defendant can meaningfully assess whether the information referenced by Government counsel is in fact 'discoverable'." However, in light of the government's *in camera* submission,

"Defendant's position on this matter has evolved" and defense counsel only seeks an opportunity to respond to the government's explanation of the case." Allowing defense counsel to review and respond to the government's explanation of the case is necessary to assist the court in determining whether the information being withheld is subject to disclosure in light of certain facts which the government may omit, and to avoid a subsequent miscarriage of justice.

Defense counsel also argues that the government has produced some information that does not appear relevant to this prosecution. As such, the court should "seriously ponder" whether the Government's current actions are selective and suspect." Specifically, the government produced a recorded conversation between two FBI special agents discussing food preferences, personal grooming issues and prospective wine tasting trips. It does not appear to defense counsel that the government intends to use this conversation in its case in chief, or that it is relevant to the indictment. Nevertheless, it was disclosed. Thus, the government's arguments that it has withheld other materials on relevance and materiality grounds "ring hollow" since producing this conversation contradicts its current legal position. Finally, defense counsel argues that the court should order a briefing schedule to permit government counsel to file a brief explanation of the case followed by an opportunity for Defendant's counsel to respond. Government counsel should be required to disclose the information he intends to produce *in camera* to Defendant's counsel so that meaningful argument regarding its relevance and materiality can take place. After briefing, the court should conduct a hearing to assess the parties' respective arguments.

During the January 19, 2012, hearing, the court asked Mr. Pomerantz to describe for the record the materials withheld from discovery which were produced to the court for *in camera* review with sufficient specificity that, without revealing the information itself withheld or protected, would enable counsel for the Defendant to assess the validity of the government's arguments. He identified the dates of the two recordings and generally described the documents that have been withheld, and the dates of the two recordings between a "confidential human source" ("CHS") and the Defendant more than one year before the transactions involved in this indictment. Counsel for Defendant responded that he believed the materials the government described were potentially relevant to explore an entrapment defense, why the government was interested in investigating his client, and why the government waited

4

for nearly three years before confronting his client with accusations about the current charges.

## DISCUSSION

As a general proposition, there is no constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). However, certain discrete areas of discovery do exist. Federal Rule of Criminal Procedure 16, the Jencks Act, and the rules articulated in *Brady* and *Giglio* govern discovery in criminal proceedings. *See* Fed.R.Crim.P. 16, 18 U.S.C. § 3500 (1994), *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that due process is violated where government withholds favorable material evidence from defense), and *Giglio v. United States*, 405 U.S. 150 (1972).

The Supreme Court has held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (*citing Brady*, 373 U.S. at 87). The Government has a constitutional duty to disclose exculpatory material pursuant to *Brady*, no court order is required. *Id*. Additionally, it is the Government's obligation to turn over all material information casting a shadow of a doubt on a Government witness's credibility. *United States v. Bernel-Obeso*, 989 F.2d 331, 333-34 (9th Cir. 1993). *See also Giglio*, 405 U.S. at 154-55.

The disclosure required by *Brady* "extends to impeachment evidence, if the reliability of the witness may be determinative of the defendant's guilt or innocence." *United States v. Bracy*, 67 F.3d 1421, 1428 (9th Cir. 1995) (*citing Giglio*, 405 U.S. at 154). Information bearing on a witness's credibility "must include the witness's criminal record, including prison records, and any information therein which bears on credibility." *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997). *See also Bracy*, 67 F.3d 1421 (9th Cir. 1995).

The Ninth Circuit has also held that generally, disclosure of *Brady* material is to occur before trial. *United States v. Nagra*, 147 F.3d 875, 881 (9th Cir. 1988), and the disclosure must be made at a time when it would be of value to the accused. *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) (*quoting United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985)). *See also United States v. Shelton*, 588 F.2d 1242, 1247 (9th Cir. 1978) (delay in disclosure only requires reversal if it so prejudiced appellant's preparation or presentation of his defense that he was prevented from receiving

fair trial.), *cert. denied*, 442 U.S. 909 (1979).

Pursuant to *Brady*, the government must disclose any evidence favorable to the defendant which is material to the defendant's guilt or innocence. Furthermore, pursuant to *Giglio*, the Government must disclose impeachment evidence, including all promises, inducements, or threats made to a witness in order to gain the cooperation of that witness in the investigation or prosecution of the defendant.

Pursuant to the Jencks Act, the government must produce all prior relevant statements of a witness *after* that witness has been called by the government to testify on direct examination. The government must disclose such criminal history and other background information regarding government witnesses as is material and reasonable under *Brady* and *Giglio*. *See Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997); *United States v. Bracy*, 67 F.3d 1421 (9th Cir. 1995); *United States v. Flores*, 540 F.2d 432, 437 (9th Cir. 1976); *Briggs v. Raines*, 652 F.2d 862 (9th Cir. 1981).

It is also clear that the court lacks authority to force the government to produce Jencks Act statements before the witness testifies, *United States v. Mills*, 641 F.2d 785, 789-90 (9th Cir.), *cert. denied*, 454 U.S. 902 (1981), and that an order requiring early disclosure is unenforceable. *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986), *cert. denied*, 479 U.S. 1094 (1987).

In this case, the government alleges that the Defendant is an owner of a durable medical supply company who paid bribes to a doctor in exchange for referrals on nine separate occasions between December 2008, and August 2010. Having reviewed and considered the moving and responsive papers, the arguments of counsel, and the *in camera* submission of the government, the court will deny the motion. The court finds that the material the government has withheld is not *Brady* or *Giglio*-type discovery. Additionally, the withheld material is not discovery required to be disclosed under Rule 16, 26.2, or the Jencks Act.

**IT IS ORDERED** that:

1. Defendant's Motion to Compel the Government to Produce a Privileged Log (Dkt. #20) is **DENIED**.

///

///

2. To preserve the record, the court will direct that the clerk of court file the government's *in camera* submission with its attachments under seal.

Dated nunc pro tunc January 19, 2012.

_____
Peggy A. Leen
United States Magistrate Judge